IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FABREY,            )
                          )
          Plaintiff,      )
                          )
     v.                   )
                          ) Civil Action No. 10-703
MICHAEL J. ASTRUE,        )
COMMISSIONER OF           )
SOCIAL SECURITY,          )
                          )
          Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 1st day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his DIB application on August 10, 2006, alleging disability beginning December 31, 2004, due to cervical disc disease and depression.[1] Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on May 27, 2008. On June 18, 2008, the ALJ issued a decision finding that plaintiff was not disabled during the relevant period. The Appeals Council denied plaintiff's request for review on April 23, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 42 years old when his insured status expired and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as an assembler,

---

[1] Plaintiff filed a prior DIB application on July 11, 2005, alleging disability beginning December 31, 2001. On October 6, 2005, the claim was denied at the initial determination level, and plaintiff did not further appeal that decision. Thus, the Commissioner's decision that plaintiff was not disabled from December 31, 2001, through October 6, 2005, is final. Accordingly, the relevant period in the instant case is October 7, 2005, the day after the prior denial, to December 31, 2006, the date plaintiff's insured status expired for DIB purposes.

AO 72
(Rev. 8/82)

delivery driver, medic, service parts cleaner and welder, but he did not engage in substantial gainful activity at any time during the relevant period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant period. Although the medical evidence established that plaintiff suffered from the severe impairments of back disorder, carpal tunnel syndrome and major depression, those impairments, alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that, during the relevant period, plaintiff retained the residual functional capacity to perform light work with a number of additional limitations. Plaintiff was limited to only occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, and he was unable to perform overhead work. In addition, plaintiff was limited to simple, routine, repetitive tasks not performed in a fast-paced production environment that involved only simple work-related decisions and relatively few work place changes. Finally, plaintiff was limited to occupations that do not involve independent decision making or close interaction with co-workers or the general public (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ

concluded that plaintiff's age, educational background, work experience and residual functional capacity enabled him to perform work that existed in significant numbers in the national economy during the relevant period, such as a dishwasher, cleaner or laundry worker. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act during the relevant period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520(a)(4). If the

AO 72
(Rev. 8/82)

claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he failed to properly consider certain medical evidence and he did not properly evaluate plaintiff's credibility. The court finds these arguments lack merit.

Plaintiff first argues that the ALJ failed to properly consider certain medical evidence from Dr. Glenn Thompson, Dr. Tariq Qureshi and Dr. Sean Su. Plaintiff is incorrect.

Dr. Thompson performed a consultative psychological evaluation of plaintiff on October 4, 2006, during the relevant period. Dr. Thompson concluded that plaintiff was markedly limited in his ability to carry out even short and simple

⬧AO 72
(Rev. 8/82)

instructions, to interact appropriately with the public and coworkers, and to respond appropriately to changes in the work setting and make judgment on simple work-related decisions. (R. 562). Dr. Thompson's restrictive assessment of plaintiff's functional capabilities in these areas is inconsistent with the clinical findings set forth in his narrative report, (R. 554-61), and as noted by the ALJ, appears to be based on plaintiff's own subjective complaints, which the ALJ correctly determined were not entirely credible for the reasons explained below. Accordingly, the ALJ considered Dr. Thompson's opinion regarding plaintiff's functional limitations, but properly determined it was entitled to little weight because it was inconsistent with his own clinical findings, as well as other evidence of record and plaintiff's activities of daily living.

Plaintiff also claims that the ALJ failed to consider evidence from Dr. Qureshi and Dr. Su. Despite this claim, plaintiff acknowledged at page 8 of his brief supporting his summary judgment motion that evidence from these doctors post-dates the relevant period, and thus may not be relied upon to establish disability. See Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990) (observing that a claimant is required to establish that he became disabled prior to the expiration of his insured status). Although not obliged to consider this evidence, the ALJ nevertheless noted that Dr. Qureshi's opinion was entitled to little weight because it lacked clinical and diagnostic support and was inconsistent with other evidence of record from the

relevant period (R. 23).

For all of the foregoing reasons, the ALJ properly considered and evaluated the medical evidence in this case.

Plaintiff next claims that the ALJ did not properly evaluate his credibility concerning his subjective complaints. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of his treatment, including his lack of mental health treatment, plaintiff's own statements about his symptoms and the opinions of physicians who examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective

AO 72
(Rev. 8/82)

evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 22). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 21-23), and is satisfied that such determination is supported by substantial evidence.

Finally, in connection with his credibility argument, plaintiff contends the ALJ improperly considered his activities of daily living in evaluating his credibility. While it is well established that sporadic or transitory activity does not disprove disability, see Smith v. Califano, 637 F.2d 968, 971-72 (3d Cir. 1981), the ALJ did not solely judge plaintiff's credibility based on his activities of daily living. To the contrary, the ALJ properly considered plaintiff's activities of daily living, in conjunction with other factors, to assess his credibility, which he is permitted to do in accordance with 20 C.F.R. §404.1529. As stated above, the ALJ's credibility finding is supported by substantial evidence. Accordingly, plaintiff's argument regarding the ALJ's consideration of his activities of daily living lacks merit.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not

otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge


cc: Terry K. Wheeler, Esq.
56 Clinton Street
Greenville, PA 16125

Albert Schollaert
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219